IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Cynthia Haulbrooks, ) | Civil Action No. 9:18-cv-03147-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Andrew M. Saul, *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This action arises from Plaintiff Cynthia Haulbrooks' application to the Social Security Administration seeking Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 17 at 15 (citing ECF No. 10-2 at 9).) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 17), and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 17 at 1–8.) Plaintiff applied for Disability Insurance Benefits ("DIB") on September 9, 2014, and for Supplemental Security Income ("SSI") on January 27, 2015, alleging disability beginning on December 12, 2014, due to chronic obstructive pulmonary disease ("COPD") and anxiety. (ECF No. 17 at 1–2 (citing ECF Nos. 10-2 at 12; 10-6 at 2, 4; 10-7 at 6).) She also applied for Disabled Widow's Benefits ("DWB") on March 27, 2015.

1

(ECF No. 10-6 at 15.) Plaintiff was fifty-two years old on the date she allegedly became disabled, has a limited education, and has past relevant work as a waitress. (ECF Nos. 10-2 at 20, 38, 51; 10-6 at 2; 10-7 at 7, 23.) After Plaintiff's claims were denied both initially and upon reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 25, 2018. (ECF No. 10-2 at 27–57.) On February 22, 2018, the ALJ issued a decision denying Plaintiff's claims. (*Id.* at 12–21.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (*Id.* at 6–10.)

Plaintiff filed a Complaint against the Commissioner on November 20, 2018. (ECF No. 1.) The Commissioner filed the Social Security Administrative Record on May 2, 2019. (ECF No. 10.) Plaintiff filed her brief on June 3, 2019 (ECF No. 12) and the Commissioner filed a brief on July 3, 2019, to which Plaintiff filed a response on July 17, 2019. The court received a supplemental brief from the Commissioner on November 1, 2019. (ECF No. 16.) On December 12, 2019, the Magistrate Judge issued his Report recommending that the court affirm the Commissioner's final decision. (ECF No. 17 at 15.) In the Report, the Magistrate Judge concluded that:

> Plaintiff asserts that in reaching this decision the ALJ improperly relied on the testimony of the vocational expert ("VE") to establish that she could perform jobs at step five of the sequential evaluation process. However, after a careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed.

(ECF No. 17 at 9–10 (citing *Laws v. Celebrezze*, 368 F.2d at 640, 642 (4th Cir. 1966) (Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").) Moreover, the Report provides: "Plaintiff contends that there was an apparent

discrepancy between the requirements of the jobs identified by the VE and the occupational information provided by the Dictionary of Occupational Titles ("DOT") for which the ALJ failed to provide an adequate explanation." (*Id.* at 10.) The Magistrate Judge reasoned that "[t]he Fourth Circuit [Court of Appeals] recently noted that an ALJ could not rely unquestioningly on the VE's testimony, but 'must ensure that any apparent conflicts between the [DOT] and the VE's testimony are reasonably resolved.'" (*Id.* (citing *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019)).) "In his decision, the ALJ specifically found, pursuant to SSR 00-4p, that the VE's testimony was consistent with the information contained in the DOT." (ECF No. 17 at 11 (citing ECF No. 10-2 at 21).)

In addition, the Report provides that "Plaintiff also argues that because the Fourth Circuit, in *Thomas v. Berryhill*, 916 F.3d at 314, found an 'apparent conflict' between a limitation to 'short, simple instructions' [] and a need to carry out the 'detailed, but uninvolved . . . instructions' found in jobs requiring Level 2 reasoning, that there is an apparent conflict here." The Magistrate Judge determined that, unlike the RFC in *Thomas*, "the ALJ here did not restrict Plaintiff to 'short' instructions. Moreover, the Fourth Circuit . . . [recently] joined 'every other circuit to consider the issue' and found no apparent conflict between . . . Level 2 jobs and an RFC limiting a claimant to 'simple, routine, repetitive tasks of unskilled work.'" (ECF No. 17 at 13 (citing *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019)).)

The parties were apprised of their opportunity to file specific objection to the Report on December 12, 2019. (ECF No. 17.) Objections to the Report were due by December 27, 2019. (*Id.*) The record shows that Plaintiff has failed to file objections to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local

3

Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the

law and correctly applies it to the instant case and finds that there is no clear error in the Report. *See Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

United States District Judge

January 14, 2020
Columbia, South Carolina